Southwest Center for Equal Justice
Gary Pearlmutter, AzSBN 014592
Wendy F. White, AzSBN 011352
Mailing:1124 Mountainaire Rd
Flagstaff, AZ 86005
(928) 525-9255
gary.pearlmutter@swcej.org
wendy.white@swcej.org
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| Eric Brown,<br><br>Plaintiff,<br><br>v.<br><br>The City of Winslow; an Arizona Municipality;<br>Kenneth Arend, Chief of the Winslow Police Department, in his official capacity; and<br>Lawrence Dashee, a married person, in his individual and official capacities.<br><br>Defendants. | Case Number:<br><br><br><br>Complaint<br><br>(Jury Trial Demanded) |
|---|---|

Plaintiff Eric Brown brings this Complaint for violations of his civil rights pursuant to 42 U.S.C. §1983, and ancillary State law claims, against Defendants who are Arizona public entities and their employees and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution, wherein Plaintiff seeks to redress deprivations

by named Defendants.  Jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

2. At all times mentioned herein, all defendants were acting under color of state law, depriving plaintiff of rights secured to him by the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the United States. This court has supplemental jurisdiction over those claims asserted under state law by virtue of 28 U.S.C. §1367.

3. Venue is founded in this judicial district upon 28 U.S.C §1391 as the acts complained of arose in this district.

4. A jury trial is demanded.

**THE PARTIES**

5. Plaintiff Eric Brown (hereinafter "Plaintiff" or E. Brown) is a resident of the State of Arizona, County of Coconino and a citizen of the United States.

6. The Winslow Chief of Police is the final decision maker for the Defendant City of Winslow, an Arizona municipality, in all matters pertaining to law enforcement and is responsible for the overall supervision and training of police officers under its employ and the development of written policy.

7. Lawrence Dashee was employed as a corporal in the Police Department with the City of Winslow at all times relevant hereto.  He acted within the scope of his employment and under the color of law.

## GENERAL ALLEGATIONS

8. This action arises from the Plaintiff's call to the Winslow Police Department for civil assistance on January 15, 2020. Defendant Dashee unlawfully arrested and incarcerated the Plaintiff after responding to his call for assistance at the Safeway Grocery Store in Winslow, Arizona.

9. The call was recorded and Plaintiff gave his true full name to the Winslow Police dispatcher.

10. Officer Downs was the first to respond to the call. Upon his arrival, Officer Downs met with the Plaintiff on the sidewalk area outside Safeway. There, Officer Downs confirmed the Plaintiff's true full name.

11. Defendant Dashee arrived shortly after Officer Downs and was equipped with and activated his body camera. He remained to the side and did not initially participate in the conversation between the Plaintiff and Officer Downs, however his video camera recorded the remainder of the incident.

12. Plaintiff explained to Officer Downs that he purchased the groceries earlier, but wanted to return them, because he had been overcharged for an item of meat and the manager had refused to honor the advertised price.

13. Officer Downs told the Plaintiff that the police couldn't force the store to accept the return. Plaintiff acknowledged that he understood and stated that he just wanted an officer present to avoid a confrontation, when he went inside to return the groceries. Plaintiff explained that earlier when he purchased the groceries he found himself getting upset, when the manager would not honor

1 the lower advertised price and that he had dropped the package of meat he
2 bought on the floor at the manager's feet. He then picked it up and left the story
3 with all his purchased groceries.  After he got home, he decided he wanted to
4 return all the groceries because of his dissatisfaction with the store's policies.
5 14. Plaintiff then stated to Officer Brown, "I appreciate your help facilitating this".
6 Officer Downs and Plaintiff turned and started walking into the store.
7 15. At that point, Defendant Dashee stepped forward and told Plaintiff to wait
8 outside even though the Plaintiff had several bags of groceries in his hands.
9 Instead of allowing the Plaintiff to go with Officer Downs to return his groceries,
10 Defendant Dashee asked "Do you have your ID real quick?" To which Plaintiff
11 responded "Yeah I have my ID."  Defendant Dashee asked "what?" and Plaintiff
12 said again "yeah I have my ID." Defendant Dashee asked a second time "what?
13 I can't hear you." Plaintiff's answers are clearly audible on the tape, which was
14 recording from a microphone on Defendant Dashee's chest. Irritated, Plaintiff
15 responded, "well check your hearing then." He then started walking away from
16 Defendant Dashee and from the door that Officer Downs was entering.  At no
17 time did Defendant Dashee ask him his name.
18 16. Defendant Dashee radioed Downs and told him to cancel the assist. He then
19 told Plaintiff that "it's a civil issue case. We're not going to help you any longer."
20 Plaintiff said he's returning his groceries; Defendant Dashee said that's not their
21 business.
22

17. Plaintiff then said to Defendant Dashee that there is no reason to further "identify me." Defendant Dashee responded "well you called for our service and we gotta know who you are." In retaliation, Defendant Dashee radioed Downs to see if the manager wanted Eric off the property, if so they can "trespass him".

18. Plaintiff continued to walk away from Defendant Dashee, while he spoke with Officer Downs.  Plaintiff told Defendant Dashee "f*** off, I'm going to return my groceries, I want my money back." From about 20 feet away, Plaintiff mockingly said to Defendant Dashee "got your id on you?" and Defendant Dashee responded "what"; Plaintiff repeated it. Defendant Dashee said "yeah do you have your ID on you?" Plaintiff said "yeah. so what?" Defendant Dashee responded "Failure to give me your id can result in your arrest."  Plaintiff said "why don't you f***ing arrest me then?"

19. Defendant Dashee responded "ok", walked toward the Plaintiff and directed him to turn around.  Plaintiff complied and Defendant Dashee arrested him and placed him in handcuffs.

20. No one from Safeway, including the manager, made any complaint or statement against Plaintiff for dropping the package of meat in the store or any other conduct. No one from Safeway asked that Eric be "trespassed." While speaking with Officer Downs, Plaintiff was polite, courteous and appreciative of Officer Downs' assistance.

21. Defendant Dashee subsequently transported Plaintiff in his patrol car to a holding cell at the Winslow Police Department. Plaintiff complained in the car, but he never yelled, spoke loudly or was disobedient.

22. Defendant Dashee then transported Plaintiff to the Navajo County Jail in Holbrook, Arizona. He booked the Plaintiff solely for "Refusal to Provide a Truthful Name" in violation of A.R.S. §13-2412(A).

23. As part of booking process, Defendant Dashee completed a probable cause statement for the Winslow Justice Court regarding the violation. Defendant Dashee stated the following:

> "Officers responded to Safeway on a civil request from [Plaintiff] regarding overcharging on some groceries that he had purchased and was requesting a refund. During the investigation, it was found that [Plaintiff] became disorderly inside Safeway by dropping some meat products on the floor at a Manger on duty. When I, [Defendant Dashee], asked [Plaintiff] for his identification, he began to get defense [sic] and advised me that he did not need to provide me his identification. I advised [Plaintiff] that refusal to provide his identification could result in his arrest and he stated "Lick my Balls". At this time, I placed [Plaintiff] under arrest for Failure to provide his truthful name and he was placed in handcuffs. Once he was place in custody, a search of her [sic] person was conducted and his Minnesota driver license was located in his back pocket."

24. The next day, January 16, 2020, at Plaintiff's initial appearance in the Winslow Justice Court, the judge reviewed and relied solely on the false and misleading probable cause statement. The court ordered the Plaintiff held on a cash bond of $2,500. The court also appointed a Public Defender.

25. On January 21, 2020, Plaintiff appeared in custody for his arraignment. The Public Defender did not appear, because she had filed a motion to withdraw.

1  The court advised the Plaintiff that if he pled guilty, he would be released that
2  day.  Without being able to consult an attorney, Plaintiff pled no contest, in order
3  to be released. The court sentenced him to probation and seven days in jail,
4  with credit for time served.

5  26. Plaintiff subsequently filed a Petition for Post-Conviction Relief (PCR) in the
6  Winslow Justice Court.  It claimed that he was actually innocent, plead guilty
7  without the benefit of counsel in violation of his sixth amendment right and
8  involuntarily pled guilty in violation of his right to due process under the 14th
9  Amendment.  The Navajo County Attorney's Office filed a response stating
10 "after review of the pertinent body camera footage – the State believes [Eric
11 Brown] can satisfy his burden of proof pertaining to his claim brought [in his
12 PCR]."   Upon review of the PCR by the Winslow Justice Court and noting no
13 objection from the County Attorney's Office in its response, it ordered the
14 Plaintiff's conviction for "Refusal to Provide a Truthful Name" in violation of
15 A.R.S. §13-2412(A) set aside and the matter dismissed.

**I. First Claim for Relief**
4th and 14th Amendments Violations – 42 U.S.C. §1983 – Wrongful Arrest
Defendant Dashee

18 27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26, as
19 if set forth in full herein.
20 28. The Fourth and Fourteenth Amendments of the United States Constitution
21 protect persons from unreasonable seizure by police.  A warrantless arrest
22 without probable cause is facially unreasonable under the 4th Amendment.

29. Defendant Dashee stated that he had authority to arrest the Plaintiff for a violation of A.R.S. §13-2412(A).  It states:

> It is unlawful for a person, after being advised that the person's refusal to answer is unlawful, to fail or refuse to state the person's true full name on request of a peace officer who has lawfully detained the person based on reasonable suspicion that the person has committed, is committing or is about to commit a crime.  A person detained under this section shall state the person's true full name,  but shall not be compelled to answer any other inquiry of a peace officer.

30. Accordingly, A.R.S. §13-2412(A) only requires a person to identify himself, if there is reasonable suspicion that he committed a crime.

31. Defendant Dashee did not have the legal authority to ask for Plaintiff's identification, even though, he asserted that the law permits it.  Furthermore, without reasonable suspicion of a crime, Defendant Dashee lacked authority to demand Plaintiff provide his name (even though he had already provided it).

32. Accordingly, Defendant Dashee did not have probable cause to arrest the Plaintiff for a violation of A.R.S. §13-2412(A).

33. Because Defendant Dashee was without an objectively reasonable basis for the arrest of Plaintiff and acted in retaliation for complaining about the demand for identification, Defendant Dashee violated his rights under the 4th and 14th amendments of the U.S. Constitution, as made actionable against him pursuant to the Civil Rights Act of 1971, 42 U.S.C. §1983.

34. As a result, the Plaintiff suffered and will continue to suffer economic, emotional and reputational harm, including loss of liberty, emotional distress, anxiety, humiliation and embarrassment and is entitled to damages.

**II. Second Claim for Relief**
14th Amendment Violation – 42 U.S.C. §1983
Due Process and Duty to be Truthful to a Court
Defendant Dashee

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 34, as if set forth in full herein.

36. An individual has a liberty interest under the Due Process clause of the 14th Amendment. Incarceration based upon a warrantless arrest without probable cause warrant is subject to review under the Due Process Clause.

37. Police officers who intentionally, knowingly or with reckless disregard for the truth, make false statements or omit material facts in a probable cause statement submitted to a court violate the Due Process clause of the 14th Amendment.

38. The probable cause statement contains numerous material false facts, namely that the Defendant Dashee conducted an investigation for disorderly conduct before arresting Plaintiff, when he had not spoken with the Safeway Manager on duty and never obtained a statement from him.  He also did not speak with any other employee of Safeway or customers.  Furthermore, Defendant Dashee falsely stated that Plaintiff failed to identify himself, when he had provided his name to the Winslow Police Dispatcher and Officer Downs.

39. Defendant Dashee intentionally, knowingly and recklessly disregarded the truth when he prepared the probable cause statement for the Winslow Justice

Court.  Defendant Dashee also knew that the Winslow Justice Court would rely upon the false and misleading statement in determining whether probable cause existed for the violation of A.R.S. §13-2412(A) and to order him held in custody pending posting of a bond.

40. The conduct of the Defendant Dashee was the direct and proximate cause of Plaintiff's wrongful incarceration and it violated the Plaintiff's right to due process under the 14th amendments of the U.S. Constitution, as made actionable against him pursuant to the Civil Rights Act of 1971, 42 U.S.C. §1983.

41. As a result, Plaintiff suffered and will continue to suffer economic, emotional and reputational harm, including loss of liberty, emotional distress, anxiety, humiliation and embarrassment and is entitled to damages.

### III. Third Claim for Relief
4th and 14th Amendment Violation – 42 U.S.C. §1983
Due Process and Malicious Prosecution
Defendant Dashee

42. Plaintiff incorporates the allegations contained in paragraphs 1 through 41, as if set forth in full herein.

43. An individual has a right to be free from malicious prosecutions that arise from unreasonable seizures under the 4th Amendment and a liberty interest under the Due Process clause of the 14th Amendment of the U.S. Constitution.

44. Malicious prosecution arises from an arrest of an individual for an offense without probable cause at the time of the arrest and subsequent incarceration that results from a police officer instituting a prosecution with a knowing false and misleading probable cause statement in retaliation or for malevolent intent against the individual.

45. Here, Defendant Dashee intentionally, knowingly, maliciously and with reckless disregard for the truth made false statements and omitted critical information in his probable cause statement and police report to justify his retaliatory arrest and to manipulate the prosecutorial and judicial decision making process in the Winslow Justice Court. The Plaintiff's matter was eventually dismissed.

46. The conduct of the Defendant Dashee was the direct and proximate cause of Plaintiff's wrongful incarceration and it violated the Plaintiff's right to due process under the 4th and 14th amendments of the U.S. Constitution, as made actionable against him pursuant to the Civil Rights Act of 1971, 42 U.S.C. §1983.

47. As a result, Plaintiff suffered and will continue to suffer economic, emotional and reputational harm, including loss of liberty, emotional distress, anxiety, humiliation and embarrassment and is entitled to damages.

**IV. Fourth Claim for Relief**
1st and 14th Amendment Violations – 42 U.S.C. §1983
Protected Speech and Retaliation
Defendant Dashee

48. Plaintiff incorporates the allegations contained in paragraphs 1 through 47, as if set forth in full herein.

49. Profanity expressed toward a police officer or words protesting an officer's unlawful order, without any threat of violence, is protected speech under the 1st Amendment.

50. The arrest and subsequent submittal of the complaint with false and misleading statements to procure the prosecution of the Plaintiff was in retaliation for the Plaintiff's brusque comments and profanity to Defendant Dashee and they violated his rights under the 1st and 14th Amendments of the U.S. Constitution, as made actionable against him pursuant to the Civil Rights Act of 1971, 42 U.S.C. §1983.

51. As a result, Plaintiff suffered and will continue to suffer economic, emotional and reputational harm, including loss of liberty, emotional distress, anxiety, humiliation and embarrassment and is entitled to damages.

52. Defendant Dashee acted under color of law in retaliating against him.

**V. Fourth Claim for Relief**
4TH and 14TH Amendment Violation – 42 U.S.C. §1983
Monell Liability – Unconstitutional Policy
City of Winslow

53. Plaintiff incorporates the allegations contained in paragraphs 1 through 52, as if set forth in full herein.

54. The Chief of Police endorsed a policy of requiring Winslow Police Officers to demand identification from any individual who has contact with the police, without reasonable suspicion or probable cause that an individual has committed an offense.  No Arizona statute permits the demand for identification under such circumstances.

55. The lack of policies, customs or practices for when it's permissible to demand identification from individuals and the lack of policies regarding the limitations of authority to demand it demonstrates a deliberate indifference by the Defendant City to the constitutional rights of the Plaintiff which was the direct and proximate cause of the violation of Plaintiff's constitutional rights.

**VI. Claim for Relief**
False Arrest/False Imprisonment
Defendant Dashee

56. Plaintiff incorporates the allegations contained in paragraphs 1 through 55 as if set forth in full herein.

57. Defendant Dashee detained the Plaintiff without lawful authority, when he demanded that he produce identification and said it is required for all persons who contact the police.

58. Defendant Dashee subsequently arrested the Plaintiff without lawful authority and without his consent for the criminal offense of Failure to Provide a Truthful Name in violation of A.R.S. §13-2412(A) or any other offense.  Defendant Dashee lacked probable cause for the arrest.

59. Defendant Dashee is liable under Arizona common law for the torts of false arrest of Plaintiff.

**VII. Claim for Relief**
Instigating or Participating in False Imprisonment
Defendant Dashee

60. Plaintiff incorporates the allegations contained in paragraphs 1 through 59, as if set forth in full herein.

61. Plaintiff was arrested in Winslow, Arizona by Defendant Dashee and held at the Navajo County Jail at his express request.  Defendant Dashee did not have probable cause to arrest the Plaintiff for a crime and the subsequent incarceration of the him was unlawful and a violation of his constitutional rights.

62. Defendant Dashee is liable under Arizona common law for the torts of false imprisonment of Plaintiff.

**VIII. Claim for Relief**
Malicious Prosecution
Defendant Dashee

63. Plaintiff incorporates the allegations contained in paragraphs 1 through 62, as if set forth in full herein.

64. Defendant Dashee arrested the Plaintiff without probable cause and initiated his proceeding against him in the Winslow Justice Court by filing a false and misleading probable cause statement.  The arrest and prosecution were acts of malice in retaliation for Plaintiff's statements of protest to the Defendant about his unlawful demand for identification.

65. Defendant Dashee is liable under Arizona common law for the intentional tort of Malicious Prosecution.

### IX. Claim for Relief
Respondeat Superior
Defendant City of Winslow and Chief of Police

66. Plaintiff incorporates the allegations contained in paragraphs 1 through 65, as if set forth in full herein.

67. Defendant Dashee was an employee of the Defendant City of Winslow, when he committed the torts against the Plaintiff acting within the scope of his employment.

68. The torts resulted in harm to the Plaintiff and the Defendant City of Winslow is responsible for their torts of False Arrest, False Imprisonment and Gross Negligence in Police Investigation under the legal principle of respondeat superior.

### Damages

69. Plaintiff has suffered general and special damages as a result of the unconstitutional and tortious conduct of defendants, including lost wages, emotional distress, loss of liberty, anxiety, embarrassment, damage to reputation and physical discomfort and pain.

70. Defendant Dashee's intentional, knowing abuse of his authority and presentation to a court of false statements resulted in a wrongful arrest and incarceration, thereby violating his federally protected constitutional rights, renders them liable to Plaintiff for punitive damages pursuant to 42 USC §1983.

Prayer for Relief

Wherefore, Plaintiff respectfully requests this Court to:

A. Enter judgment in favor of Plaintiff and against all defendants on all claims;

B. Award Plaintiff compensatory and special damages against all defendants in the aggregate amount of $500,000 or such other amount as is determined at trial;

C. Award Plaintiff punitive damages against Defendants Hill, Hutchinson and Eberhardt pursuant to 42 USC §1983 in an amount to be determined at trial;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provision of the law;

E. Award Plaintiff costs and pre and post judgment interest pursuant to A.R.S.§12-823;

F. Enter appropriate orders directing the Winslow Police Department to remove and correct any false information regarding the Plaintiff published in any electronic database or elsewhere.

G. Award Plaintiff such other and further relief as the Court may deem just and proper.

Southwest Center for Equal Justice

/s/ Gary Pearlmutter

Attorney for Plaintiff